# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                    )
                                          )   **JUDGE RICHARD L. SPEER**
David and Cindy Perry                     )
                                          )   Case No. 10-3096
    Debtor(s)            )
                                          )   (Related Case: 10-31078)
The Farmers & Merchants State Bank        )
                                          )
    Plaintiff(s)         )
                                          )
      v.       )
                                          )
David and Cindy Perry                     )
                                          )
    Defendant(s)         )

## DECISION AND ORDER

    Before this Court is the Motion of the Plaintiff, The Farmers & Merchants State Bank, to Alter or Amend Judgment. (Doc. No. 31). Said Motion is directed at this Court's Decision, as entered on March 17, 2011, wherein the Court found in favor of the Plaintiff, ordering that "for purposes of 11 U.S.C. § 523(a)(2)(A), any claim, as the term is defined in 11 U.S.C. § 101, be, and is hereby determined to be a NONDISCHARGEABLE DEBT." (Doc. No. 30). By way of its Motion to Alter or Amend, the Plaintiff does not seek to disturb this determination, but asks the Court to "enter a monetary judgment in favor of F&M and against Defendants, jointly and severally, in the amount of $49,238.47, plus interest." (Doc. No. 31). The Court declines.

The Farmers & Merchants State Bank v. David and Cindy Perry
Case No. 10-3096

## DISCUSSION

Before this Court is the Motion of the Plaintiff to Alter or Amended Judgment pursuant to Bankruptcy Rule 9023. Subject to a couple of limited exceptions, not applicable in this matter, Bankruptcy Rule 9023 provides that "Rule 59 F. R. Civ. P. applies in cases under the Code." For this purpose, paragraph (e) of Rule 59 governs a motion brought to alter or amend a judgment.

Under Rule 59(e), no specific grounds are prescribed naming the conditions upon which a court may alter or amend a judgment. Courts, however, have generally recognized four grounds as warranting amending or altering a previously entered judgment: (1) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) an intervening change in the controlling law; and (4) to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *In re Bunting Bearings Corp.*, 321 B.R. 420, 422 (Bankr. N.D.Ohio 2004). While not specifically stated, the Plaintiff's Motion to Alter or Amend can be construed so as to rely on the first and last of these grounds – the existence of a mistake and the need to prevent a manifest injustice.

In seeking to have this Court's decision amended, so as to include a monetary judgment, the Plaintiff relies on this Court's authority to enter such a judgment and the judicial economy that would be served thereby. For this position, the Plaintiff cites to the Sixth Circuit's decision in *Longo v. McLaren (In re McLaren)*, 3 F.3d 958 (6th Cir. 1993). In this case, the Sixth Circuit recognized that a "bankruptcy court has jurisdiction to adjudge the validity and amount of a claim together with its dischargeability." *Id.* at 965.

Yet, nothing in *In re McLaren* actually mandates that a court make such an award as a part of a dischargeability determination. In fact, while the issues are often intertwined, a determination regarding dischargeability is not necessarily contingent upon the liquidation of the underlying claim.

Page 2

The Farmers & Merchants State Bank v. David and Cindy Perry
Case No. 10-3096

To the contrary, the provision of the Bankruptcy Code addressing dischargeability determinations, § 523(a), is solely concerned with the dischargeability of the debt, not its amount, with a debt being defined under the Code as simply any "liability on a claim[.]" In turn, claim is defined as a "right to payment, whether or not such right is reduced to judgment, . . . ."

The liquidation of a claim in a dischargeability, thus, could be viewed as collateral to the dischargeability determination, making Rule 59(e) inapplicable under the precedent set down by the Supreme Court in *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162 (1982) (Rule 59(e) was never intended to apply to legal issues collateral to the main cause of action). Even if not the case, the Court is not persuaded that altering or amending this Court's prior decision is necessary so as to correct a mistake or to prevent a manifest injustice.

First, in its complaint, the Plaintiff did not specifically ask for the Court to enter a monetary judgment. Instead, the Plaintiff only set forth that it sought a determination that the sum of certain checks written by the Defendants, totaling $49,238.47, "be excepted from discharge under 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code. . . ." (Doc. No. 1). Thus, in giving the Defendants the benefit of the doubt, it could have been assumed that the Plaintiff was not seeking to liquidate its claim in this Court.

To be sure, the Court recognizes that, from the Plaintiff's perspective, judicial economy would be served by this Court amending its prior decision so as to enter a monetary judgment. Moreover, as the Plaintiff points out, FED.R.CIV.P. 54(c), made applicable to this proceeding by FED.R.BANK.P. 7054, provides that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." However, in this particular matter, these points do not warrant amending or altering this Court's prior decision because all matters relating to the liquidation of the Plaintiff's claim were not fully explored.

Page 3

The Farmers & Merchants State Bank v. David and Cindy Perry
Case No. 10-3096

In the prior decision, the Court recognized that the Defendant, Mr. Perry, did perform services related to the fraudulent transfers which gave rise to the Plaintiff's claim. The value of such services, however, was not ascertained. Such a determination is a necessary prerequisite as a judgement on a fraudulent transfer can only be obtained to the extent that value was not given.

Thus, without a further hearing, the Court has no way to actually liquidate the claim. For this purpose, comity dictates, for a couple of reasons, that the liquidation of the Plaintiff's claim be accomplished in an Ohio state court. First, the value of the fraudulent transfers will be ascertained according to Ohio law. Second, prior to the commencement of their case, the Plaintiff had already commenced a suit against the Defendants in an Ohio state court.

For these reasons, the Court declines to grant the Plaintiff's Motion to Alter or Amend under Rule 59(e) of the Federal Rules of Civil Procedure.

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff, The Farmers & Merchants State Bank, to Alter or Amend Judgment pursuant to Bankruptcy Rule 9023, be, and is hereby, DENIED.

Dated: April 15, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 4

10-03096-rls    Doc 33    FILED 04/15/11    ENTERED 04/15/11 15:37:53    Page 4 of 5

# CERTIFICATE OF SERVICE

Copies were mailed this 15th day of April, 2011 to:

Cindy A. Perry
506 Maplewood St
Delta, OH 43515

David P. Perry
506 Maplewood St
Delta, OH 43515

Elliot H Feit
420 Madison Ave, #1010
Toledo, OH 43604

Jeffrey D Levy
520 Madison Ave, #840
Toledo, OH 43604

Farmers & Merchants State Bank
307-11 N. Defiance Street
P.O. Box 216
Archbold, OH 43502

Tiffany E. Cavanaugh
One SeaGate, 24th Floor
PO Box 10032
Toledo, OH 43604

James L Rogers
PO Box 10032
1 Seagate, 24th Fl
Toledo, OH 43699

/s/Diana Hernandez
Deputy Clerk, U.S. Bankruptcy Court